NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 21, 2016[*]
Decided December 21, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

No. 16-1163

| | |
|---|---|
| VINCENT THOMAS, | Appeal from the United States |
|     *Plaintiff-Appellant*, | District Court for the Northern District |
| | of Indiana, South Bend Division. |
|   *v.* | |
| | No. 3:14cv164 |
| CITY OF MICHIGAN CITY, INDIANA, | |
|     *Defendant-Appellee*. | Philip P. Simon, |
| | *Chief Judge*. |

**O R D E R**

Vincent Thomas was fired from his job as a Michigan City bus driver after a video confirmed that he failed to stop before a railroad crossing, in violation of a federal regulation. Thomas, who is black, maintained that race discrimination was the real reason for his firing. The district court concluded that Thomas could not point to any

---

[*] We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

evidence that his race motivated the City's decision to fire him and granted summary judgment for the City. We affirm.

According to the video recording, taken from a camera mounted on the dashboard of his bus, Thomas slowed down as he approached a railroad crossing but did not come to a complete stop. About three weeks before the incident, a memorandum from the Michigan City transit director had informed all bus drivers that a federal (Department of Transportation) regulation, 49 C.F.R. § 392.10(a), mandates that commercial drivers stop at all railroad crossings. The memorandum warned that "termination can be expected" if a driver did not follow the "correct procedure at railroad crossings."

After the incident, the Michigan City Transit Department discharged Thomas for violating the federal regulation and a corresponding state law, IND. CODE § 9-21-8-39. Thomas responded by filing a grievance, in which he alleged that he was targeted because of a pending grievance. His discharge was upheld by the Michigan City Board of Works.

About 230 days later, Thomas filed charges of race and age discrimination with the Equal Employment Opportunity Commission. After receiving a right-to-sue letter, he sued the City for violations of Title VII of the Civil Rights Act, see 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act, see 29 U.S.C. § 621.

The district court dismissed Thomas's age discrimination claim as untimely because he filed his charge with the EEOC more than 180 days after the alleged discrimination took place. See 29 U.S.C. § 626(d)(1)(A).

Further proceedings ensued, and the court ultimately granted summary judgment for the City on Thomas's race discrimination claim because he provided no evidence that his discharge was based on discriminatory animus. Thomas, the court explained, could not establish a prima facie case of intentional discrimination under the indirect method of proof because he could not identify any similarly situated employee not in the protected class who received better treatment. (Thomas had asserted in an affidavit that Rosetta Loggins, a white bus driver, was not punished after she left passengers at a high school. But the court rejected Loggins as a comparator because Thomas's affidavit was based on hearsay rather than his personal knowledge of her situation and, in any case, her conduct did not violate any state or federal laws.) Thomas, the court added, also did not introduce any evidence to suggest that the City's stated reason for his discharge—his violating a federal regulation for not stopping at a

railroad crossing—was a pretext. As for the direct method of proof, the court found that Thomas did not produce direct or circumstantial evidence that his race motivated his discharge.

On appeal Thomas first challenges the court's ruling that his statements regarding Rosetta Loggins were inadmissible hearsay.[1] Thomas's only evidence was his deposition testimony that he heard his union representative say during his disciplinary hearing that Loggins had not been disciplined for her infraction. The district court properly discounted the significance of this evidence because Thomas lacked personal knowledge of Loggins's situation. See FED. R. EVID. 801(c); *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009).

Thomas next argues that his age discrimination claim was not untimely because he filed it on the same day as his timely Title VII claim. But he did not file his charge with the EEOC until about 230 days after the incident, and the statute of limitations in Indiana for an ADEA charge is only 180 days, while that for a Title VII-based charge is 300 days. See 29 U.S.C. § 626(d)(1)(A); 42 U.S.C. § 2000e-5(e)(1); *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014); *Equal Emp't Opportunity Comm'n v. N. Gibson Sch. Corp.*, 266 F.3d 607, 617 (7th Cir. 2001).

Finally, Thomas asserts for the first time that his attorney and the City attorney schemed to bias the judge against him by suggesting that he was difficult and unwilling to negotiate a settlement. But Thomas's only proof of judicial bias is the fact that the judge ruled against him, and an adverse ruling alone is not evidence of judicial bias. See *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Thomas v. Reese*, 787 F.3d 845, 849 (7th Cir. 2015).

We have reviewed Thomas's remaining arguments, and none has merit.

AFFIRMED.

---

[1] Thomas also argues, for the first time, that a similarly situated unnamed African American driver was not fired after failing to stop at three different railroad crossings. Arguments raised for the first time on appeal are waived, *Reid v. Neighborhood Assistance Corp. of Am.*, 749 F.3d 581, 588 n.6 (7th Cir. 2014), though we observe that if true this allegation suggests that race was not a motivating factor in Thomas's dismissal.